UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| SOUTH TEXAS NEON SIGN CO., INC. d/b/a SOUTH TEXAS NEON SIGN | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 5:08-CV-00116 |
| IXTAPA, INC. d/b/a SOUTH TEXAS NEON SIGNS | § § § § | |
| Defendant. | § | |

## DEFENDANT'S SUPPLEMENTAL RESPONSE TO THE COURT'S ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant Ixtapa, Inc. d/b/a South Texas Neon Signs ("Defendant") respectfully submits this Response to the Court's Order on Defendant's Motion for Summary Judgment.

*Procedural History*

On August 14, 2009, the Court entered an Order Granting In Part and Denying In Part Defendant's Motion for Summary Judgment. In that Order, the Court that the "Defendant has established that Plaintiff delayed in filing suit and that this delay was not excusable."[1] However, the Court noted that it would "not grant Defendant summary judgment on the affirmative defense of laches because Defendant has not established undue prejudice" at the time of filing. However, the Court also said that "based on its review of the pleadings and law, the Court believes Defendant can fulfill this third prong."[2]

---

[1] Order Granting In Part and Denying In Part Defendant's Motion for Summary Judgment, DKT 123, Page 28.
[2] Id.

Defendant filed supplemental exhibits and a request for extension of time on August 18, 2009.[3] Plaintiff objected to the filing[4] on various grounds and during a hearing on the Joint Pretrial Order, the Court granted an extension of time for Defendant to file its supplement. Accordingly, Defendant moved to withdraw the previously filed supplement.[5]

*Defendant's Supplemental Exhibit A.1*

Defendant and its counsel thank the Court for this opportunity to supplement the record with additional summary judgment evidence. To that end, Defendant attaches hereto Exhibit A.1, a compilation of financial data showing the investments Defendant has made in the growth of its business since 2001 and the resulting growth in sales and market presence.[6]

Within Exhibit A.1 are three graphs, each of which summarizes a facet of Ixtapa's business from the years 2000-2008, with additional datapoints dating as far back as 1995.[7] The first graph is a summary of marketing expenditures, primarily composed of Yellow Pages advertising from 1999 through 2008.[8] While the expenditures have varied from year to year, overall the data show a consistent and increasing investment in marketing of the South Texas Neon name over time.[9] The second graph summarizes the resulting growth of Ixtapa's business over a corresponding period of time as depicted by increasing measures of revenue, and is responsive to the court's request for evidence that Defendant "continued to grow".[10] The third graph summarizes Ixtapa's investment in its business operations and demonstrates that

---

[3] Docket No. 127(1-3).
[4] Docket No. 129.
[5] *See* Docket No. 131, 132.
[6] *See* Exhibit A.1, attached.
[7] Id. at pg. 1-3.
[8] Id. at pg. 1.
[9] For actual reproductions of the individual advertisements in the Yellow Pages, see Docket No 8-4 to 8-7.
[10] Exhibit A.1, pg. 2,*and* Dkt. 123.

2

Defendant continually and increasingly "invested in its business."[11] This investment is tracked in terms of both reported expenses and employment expense; the latter being a measure not only of Defendant's investment in its business but also of investment in the Rio Grande Valley community through employment and wages paid to residents. As with the other data, this graph visually demonstrates a continuous and increasing investment over time, demonstrates the hard work and money invested in the Rio Grande Valley South Texas Neon Sign business, and the resulting growth in customer-generated revenue.

Each graph is a demonstrative depiction of numeric data contained in a composite chart on page 4 of Exhibit A.1.[12] The chart's data is associated with the underlying evidentiary documents which follow the chart. Where no documents were available for a given year or value, those values were not reported.[13] However, an unreported value is not equivalent to a zero value: it simply means that the value cannot be established by documented evidence at this time and the court would need to extrapolate, rely on circumstantial evidence, or simply disregard the absent value. For reported years, the chart contains metrics such as, but not limited to, monthly reported data for taxes paid, reported gross income, advertising expenses, advertising commitments, and financial reports. Each section of the chart contains a row entitled "Source Bates" that references the source of each number within the evidentiary exhibits that follow the chart. For example, section entitled "Reported as Gross Income on … Tax Reports" contains the revenue numbers taken from each available year's Federal Tax Returns or Franchise Tax Reports; for the year 2004, the "Source Bates" row directs you to IXT001084, a Form 1120S tax document labeled as such and included later within Exhibit A.1 on page 9.[14] As another

---

[11] Exhibit A.1, pg. 3, and Dkt. 123.
[12] Exhibit A.1, pg. 4.
[13] As an example, no data for 1998 is included.
[14] *See* Id. at pg. 9.

example, the advertising expenses for 2001 were reported as $6,072 in the chart and the "Source Bates" row for that section directs the reader back to row 21 of the chart which contains a bates number of IXT001841 for that year.[15] Document IXT001841 appears at page 6 of Exhibit A.1 and shows $6,072 reported on line 16 of that 1120S for "Advertising".[16] For certain years, tax returns did not provide sufficient data to complete all rows and instead other metrics were used. An example of this would be the 2008 advertising expense which comes from document IXT000308 on page 24, a copy of the Rio Grande Valley Real Yellow Pages invoice.[17] The underlying documents are authenticated by the Declaration of Raul Gonzales, attached as Exhibit B.1.[18]

*Conclusion*

Defendant Ixtapa urges the Court to consider all of the evidence submitted and present in the record, assigning each component and each document the weight that the Court determines each should be properly accorded. Upon review of all the evidence submitted in the record, Defendant contends that Plaintiff's decision to delay suit for seven years was without excuse, has caused Defendant significant undue burden, the effects and exposure of which would have been significantly less in earlier years, and fully supports a defense of laches. If all Plaintiffs were permitted to lay in wait, while building a windfall case on damages, it would discourage the prompt litigation of disputed matters and "effectively would allow Plaintiff to enforce a legal remedy before having the underlying trademark settled by a court of law".[19] Therefore, the Defendant prays that the Court find for Defendant that this showing of undue prejudice

---

[15] Id. at pg. 4.
[16] Id. at pg. 6.
[17] Id. at pg. 24.
[18] Exhibit B.1, attached.
[19] Docket No. 123, page 22 (citing H G. Shopping Centers, L.P. v. Birney, Civ. No. H-99-0622, 2000 WL 33538621, at *9 (S.D.Tex. Nov. 29, 2001).

completes Defendant's laches defense and bars recovery by Plaintiffs of damages on the grounds of equity and justice.

        Respectfully submitted,

        PRINS LAW FIRM
        4940 Broadway, Suite 108
        San Antonio, Texas 78209
        Telephone:  (210) 820-0833
        Telecopier:  (210) 820-0929

By:   /s/ Nathan G Roach
        Todd A. Prins
        SBN 16330400
        SDN 13786
        Nathan G. Roach
        SBN 24052985
        ATTORNEY FOR THE DEFENDANT
        IXTAPA, INC. d/b/a SOUTH TEXAS NEON SIGNS

## CERTIFICATE OF SERVICE

      A true and correct copy of the NOTICE OF APPEARANCE AND DESIGNATION AS ATTORNEY IN CHARGE FOR DEFENDANT has been forwarded via the Notice of Electronic Filing that is automatically generated by the Court's Electronic Filing System constituting service of the filed document on Filing Users to the following counsel of record:

ATTORNEYS FOR THE PLAINTIFF,
SOUTH TEXAS NEON SIGN CO., INC.
d/b/a SOUTH TEXAS NEON SIGN

Ted Dalton Lee
Texas State Bar No. 12137700
Texas Southern District No. 11221

Miguel Villarreal, Jr.
Texas State Bar No. 2402095
Texas Southern District No. 566669

GUNN, LEE & CAVE, PC
700 N. St. Mary's Street, Suite 1500
San Antonio, Texas 78205
(210) 886-9500
(210) 886-9883 [fax]


                                                By:   /s/ Nathan G Roach